UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | | |
|---|---|---|
| SHAUN HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 0: 16-121-HRW |
| | ) | |
| v. | ) | |
| | ) | |
| J. SNYDER-NORRIS, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal inmate Shaun Harris, through counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 1] This matter is before the Court to conduct an initial screening of Harris's petition. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

Following a two-week trial, in May 2001 Harris was convicted in Elkton, West Virginia of numerous federal drug charges for his participation in a large-scale drug trafficking ring. In light of his numerous prior criminal convictions, the trial court concluded that Harris was a career offender within the meaning of U.S.S.G. § 4B1.1. This raised his offense level to 37, establishing a guidelines range of 360 months to life imprisonment. The trial court imposed a 360-month sentence. *United States v. Harris*, No. 2: 00-CR-7-14 (N.D. W. Va. 2000). The Fourth Circuit affirmed both his convictions and the enhancement of his sentence

1

on direct appeal. *United States v. Harris*, 45 F. App'x 302 (4th Cir. 2002). The trial court denied several motions for relief from his convictions and sentence.[1]

Harris filed his petition in this matter in June 2016 in the district where he was sentenced, apparently (and paradoxically) arguing that he could not file his petition in the district of his incarceration because his remedy under 28 U.S.C. § 2255 was not "inadequate and ineffective" for purposes of § 2255(e) but was so for purposes of § 2255(h). [D. E. No. 1 at 1-2] The trial court, unconvinced, promptly transferred the petition to this Court, which encompasses the district where Harris was confined. [D. E. No. 2] To date, counsel has failed to comply with this Court's direction to seek admission to this Court *pro hac vice*. [D. E. No. 5]

In 2015, the Supreme Court concluded that the residual clause found in 18 U.S.C. § 924(e)(2)(B) was void for vagueness. *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015). That subsection provided a catch-all definition for various kinds of prior offenses which could be used to enhance a sentence as an "armed career criminal" for one convicted of being a felon in possession of a

---

[1] On January 19, 2017, President Barack Obama commuted Harris's sentence to expire on May 19, 2017, and Harris has been released from BOP custody during the pendency of this petition. However, he remains subject to a five-year term of supervised release, and hence is "in custody" to test the legality of his detention. *Jones v. Cunningham*, 371 U.S. 236, 243 (1963).

firearm in violation of 18 U.S.C. § 922(g). Harris was not convicted under § 922(g) nor was his sentence enhanced pursuant to § 924(e)(1). But he nonetheless argues in his petition that *Johnson* rendered the similarly-worded career offender provision that was used to enhance his sentence, U.S.S.G. § 4B1.1, unconstitutional.[2] [D. E. No. 1 at 4-5, 7-12]

Harris may not pursue this claim in a § 2241 petition. As he readily acknowledges in his petition, the Supreme Court held that *Johnson* announced a new rule of constitutional law, and hence is retroactively applicable to cases on collateral review. *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257 (2016). Precisely for that reason, inmates wishing to invoke *Johnson* as grounds to challenge their conviction could do so by requesting and obtaining permission to file a second or successive motion under § 2255. See § 2255(h)(2); *In re Watkins*, 810 F. 3d 375, 377 (6th Cir. 2015). Because Harris and other prisoners could assert claims based upon *Johnson* under § 2255, that remedy is plainly not structurally "inadequate and ineffective" to test the legality of their detention, and

---

[2] The Supreme Court has rejected the argument that the career offender provision found in the sentencing guidelines is susceptible to a vagueness challenge, *Beckles v. United States*, __ U.S. __, 137 S. Ct. 886 (2017), but that decision appears limited to sentences imposed after its decision in *United States v. Booker*, 543 U.S. 220 (2005) rendered the guidelines advisory rather than mandatory. *Beckles*, 137 S. Ct. 899-901. Because Harris was sentenced in 2002 before *Booker* was decided, *Beckles* does not necessarily foreclose the substance of his claim.

3

resort to § 2241 is impermissible. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004); *McDowell v. Warden, FCC Medium Coleman*, 2017 WL 2352000, at *2-3 (11th Cir. May 31, 2017).

Accordingly, it is **ORDERED** as follows:

1. Harris's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. The Court will enter a judgment contemporaneously with this order.

3. This matter is **DISMISSED** and **STRICKEN** from the docket.

This 26th day of September, 2017.



Signed By:
*Henry R. Wilhoit, Jr.*
**United States District Judge**

4